Richard J. Cino, Esq. (ID No. 035121990)
Carla D. Macaluso, Esq. (ID No. 018141996)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890
Attorneys for Defendants Summit Medical Group P.A., Aimee Vadyak, and Rebecca Levy

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DAVID NATALE, | : | Case No: 2:17-cv-13216-SDW-LDW |
| Plaintiff, | : | |
| vs. | : | |
| SUMMIT MEDICAL GROUP P.A., | : | **ANSWER AND DEFENSES TO** |
| AIMEE VADYAK, REBECCA LEVY and | : | **PLAINTIFF'S FIRST AMENDED** |
| JOHN AND JANE DOES 1-10 (fictitious | : | **COMPLAINT** |
| names) | : | |
| Defendants. | : | |
| | : | |

Defendants Summit Medical Group P.A. ("SMG"), Aimee Vadyak ("Vadyak"), and Rebecca Levy ("Levy") (collectively "Defendants"), by and through their attorneys, Jackson Lewis P.C., for their answer and defenses to Plaintiff's first amended complaint, state as follows:

**INTRODUCTION**

1.      The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required. Accordingly, Defendants leave Plaintiff to his proofs. To the extent a response is required, Defendants deny Plaintiff was discriminated against, retaliated against, or that Defendants failed to accommodate Plaintiff's alleged disability or interfered with his request for medical leave, in violation of the New Jersey Law Against Discrimination ("LAD") or the Family and Medical Leave Act ("FMLA"). Moreover, Defendants deny that they caused any intentional and/or negligent infliction of emotional

1

distress.   Defendants further deny they engaged in any conduct that damaged and injured Plaintiff in any manner, or that Defendants intentionally interfered with Plaintiff's employment relationship and/or unlawfully terminated Plaintiff in any manner.

## PARTIES

2.      Defendants admit that their records reflect that David Natale resides at 121 Colchester Road, New Providence, NJ.  Defendants further aver that Plaintiff was terminated in November 2015.  The remaining allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.

3.      Defendants admit SMG is a physician-owned multi-specialist practice, that it maintains a campus located at 1 Diamond Hill Road, Berkeley Heights, NJ, and employs more than fifty (50) employees throughout New Jersey.  The remaining allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required. Accordingly, Defendants leave Plaintiff to his proofs.

4.      The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.   To the extent a response is required, Defendants deny the allegations contained in this paragraph of the first amended complaint.

5.      The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.   To the extent a response is required, Defendants deny the allegations contained in this paragraph of the first amended complaint.

6.      This paragraph of the first amended complaint is not directed to Defendants, and

therefore, no response is required.  To the extent a response is required, Defendants deny that they discriminated or retaliated against Plaintiff, or failed to accommodate Plaintiff or interfered with Plaintiff's alleged request for medical leave. Defendants further deny they intentionally interfered with Plaintiff's employment relationship or unlawfully terminated Plaintiff in any manner.

## STATEMENT OF FACTS

7.        The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.  Additionally, Defendants aver that Plaintiffs records speak for themselves as to his alleged diagnosis.

8.        Defendants deny the allegations contained in this paragraph of the first amended complaint.

9.        Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leave Plaintiff to his proofs.

10.        Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leave Plaintiff to his proofs.

11.        Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leave Plaintiff to his proofs.  Defendants aver that according to its website CPS provides services to clients with diverse challenges and abilities.

12.        Defendants deny knowledge or information sufficient to form a belief as to the

3

truth of the allegations contained in this paragraph of the first amended complaint, and leave Plaintiff to his proofs. Defendants aver that according to its website CPS maintains that it was approved by the Commission on Accreditation of Rehabilitation Facilities.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leave Plaintiff to his proofs. Defendants aver that according to its website CPS maintains that it supports employment and transition services to disabled persons.

14.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint with respect to the job training, and leave Plaintiff to his proofs. Defendants aver that SMG hired Plaintiff in the position of clinical aide in June 2013 to work at the Berkeley Heights campus.

16.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

17.     Defendants admit that Patrick Ritter may have had knowledge regarding Plaintiff's alleged disability at the time of hire.

18.     Defendants admit Plaintiff's clinical aide job duties are set forth in the physical therapy clinical aide job description, and further aver that the document speaks for itself. Defendants deny that any physical therapist was Plaintiff's supervisor.

19.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph of the first amended complaint, and leave Plaintiff to his proofs.  Defendants aver that Plaintiff had a job coach that was associated with CPS for some period during his employment at SMG.

21.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leave Plaintiff to his proofs.  Defendants aver that Plaintiff's job coach communicated on a few occasions with Plaintiff's supervisor, Mr. Ritter, Manager of Ancillary Therapies, during Plaintiff's employment but deny that Plaintiff's job coach visited Mr. Ritter to ensure that Plaintiff was transitioning to the job without incident.

22.      Defendants admit that Plaintiff's job coach communicated on a few occasions with Mr. Ritter.

23.      Defendants aver that Plaintiff's performance evaluations speak for themselves.

24.      Defendants aver that Plaintiff's performance evaluations speak for themselves.

25.      Defendants admit that Mr. Ritter was not dissatisfied with Plaintiff's performance.

26.      Defendants deny the allegations contained in this paragraph of the first amended complaint.

27.      Defendants deny the allegations contained in this paragraph of the first amended complaint.

28.      Defendants deny the allegations contained in this paragraph of the first amended complaint.

29.      Defendants admit that Kate Zatta ("Ms. Zatta") commenced her employment with SMG in or about December 2014 as a physical therapist.

30.      Defendants deny the allegations contained in this paragraph of the first amended

complaint.

31.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

32.     Defendants admit that Ms. Zatta, along with other co-workers, agreed to attend a Halloween party Plaintiff was planning.

33.     Defendants admit that Plaintiff discussed hiking with Ms. Zatta.

34.     Defendants admit that Ms. Zatta accepted Plaintiff's invitation to go on a hike with Plaintiff.

35.     Defendants admit that Ms. Zatta consoled Plaintiff after he informed her that he was involved in a car accident.

36.     Defendants admit that, in response to Plaintiff's invitation to go hiking, Ms. Zatta provided Plaintiff with a date she was available.  Defendants further aver Ms. Zatta gave Plaintiff her cell phone number in order to facilitate the hike.

37.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

38.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

39.     Defendants admit that on November 5, 2015, Plaintiff forwarded a text message to Ms. Zatta.  Defendants aver that the text message speaks for itself.

40.     Defendants admit Ms. Zatta was married in December 2015.

41.     Defendants admit that Plaintiff reported to work on November 9, 2016. Defendants deny that Plaintiff worked with Ms. Zatta on November 9, 2016 in the physical therapy department.

42.     To the extent Plaintiff asserts the allegations took place on November 9, 2015, Defendants deny the allegations contained in this paragraph of the first amended complaint. Defendants aver that on at least one occasion, Plaintiff asked Ms. Zatta if he had to be worried about her fiancé.

43.     To the extent Plaintiff asserts the allegations took place on November 9, 2015, Defendants aver that on at least one occasion, Plaintiff asked Ms. Zatta if her fiancé might look for him at their wedding reception.

44.     To the extent Plaintiff asserts the allegations took place on November 9, 2015, Defendants deny the allegations contained in this paragraph of the first amended complaint. Defendants aver that Plaintiff made various unsolicited statements to Ms. Zatta regarding the alleged issues in her relationship with her fiancé.

45.     Defendants admit that on November 6, 2015, Ms. Zatta was extremely uncomfortable with Plaintiff's conduct and statements directed at her and advised him of same.

46.     Defendants deny the allegations contained in this paragraph of the first amended complaint, and further aver that Ms. Zatta had previously become concerned with Plaintiff's behavior, informed Plaintiff that his actions and comments made her uncomfortable, and attempted to avoid contact with Plaintiff.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint. Defendants aver that Ms. Zatta was extremely uncomfortable with Plaintiff's conduct and statements, and feared for her safety.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint. Defendants

aver that to the extent Plaintiff did not speak with Ms. Zatta further, it was because he was issued a ninety day no contact order prohibiting him from having any contact with Ms. Zatta upon his release from Summit Oaks Hospital on or about December 3, 2015.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint.  Defendants aver that Plaintiff acknowledged that he still has romantic feelings for Ms. Zatta and may ask her out again in the future.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leaves Plaintiff to his proofs.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leaves Plaintiff to his proofs.

52.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

53.     Defendants admit that records reflect that Plaintiff was involuntarily taken to Overlook Medical Center on November 9, 2015.

54.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

55.     Defendants admit that in or about November 2015, Plaintiff's job coach requested medical leave for Plaintiff.

56.     Defendants admit that records reflect that Plaintiff was discharged from Overlook Medical Center and committed to Summit Oaks Hospital on November 10, 2015.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leaves Plaintiff to his proofs.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leaves Plaintiff to his proofs.

59.     Defendants admit that on or about November 13, 2015, Vadyak spoke with Plaintiff's mother on the telephone.

60.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

61.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

62.     Defendants admit that Vadyak informed Plaintiff's mother of Plaintiff's termination due to receiving credible information of threats made by Plaintiff to a co-worker. Defendants further aver that Vadyak advised that Plaintiff was not permitted on the SMG Berkeley Heights campus.

63.     Defendants admit that Plaintiff was banned from the SMG campus due to his threatening conduct and behavior.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint.  Further, Defendants aver Plaintiff never advised SMG he needed to see physicians located at SMG's Berkeley Heights campus.

65.     Defendants aver that the November 13, 2015 letter referenced in this paragraph of

9

the first amended complaint speaks for itself.

66.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

67.     Defendants admit Vadyak and Levy were familiar with SMG's leave policies.

68.     Defendants admit that no forms were provided as no FMLA request were made. Defendants further aver Levy and Vadyak had no knowledge of Plaintiff's request for FMLA leave.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint as Defendants are unaware who the "other similarly situated employees" are referenced therein.   Defendants deny that anyone was treated unlawfully and aver SMG provides leave in accordance with its policies and applicable laws.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint Defendants are unaware who the "other similarly situated employees" are referenced therein.   Defendants deny that anyone was treated unlawfully and aver SMG provides leave in accordance with its policies and applicable laws.

71.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

72.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

73.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

74.     Defendants admit Vadyak and Levy did not interview Tiffany Sam or Jon Guarino.  Defendants aver SMG conducted a thorough and appropriate investigation regarding Plaintiff's threatening conduct.

75.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

76.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint as Defendants do not inquire into what disabilities SMG employees may have.

78.     Defendants deny the allegations contained in this paragraph of the first amended complaint, except admit that after learning of Plaintiff's threatening conduct, Vadyak became aware, for the first dime, of the possibility that Plaintiff had a job coach.

79.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

80.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

81.     Defendants admit SMG was unable to speak to Plaintiff after his termination as his mother advised he was unavailable.  Defendants deny the remaining allegations contained in this paragraph of the first amended complaint.

82.     Defendants admit SMG was unable to speak with Plaintiff regarding his termination as his mother advised he was unavailable.  Defendants deny the remaining allegations contained in this paragraph of the first amended complaint.

83.     Defendants admit prior to his threatening conduct, Plaintiff never requested a meeting to discuss the need for an accommodation and/or his serious health condition. Defendants further aver Plaintiff's threatening conduct that ultimately resulted in his termination was under investigation prior to any request for FMLA leave allegedly made on his behalf.

84.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

85.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

86.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

## COUNT ONE
### New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq.
### (DISABLITY DISCRIMINATION)

87.     Defendants repeat and reallege their answers to the aforementioned paragraphs as if fully set forth in response to this paragraph of the first amended complaint.

88.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.

89.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.

90.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.

91.     Defendants admit the allegations contained in this paragraph of the first amended complaint.

92.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.  To the extent a response is required, Defendants deny Plaintiff was discriminated against due to his alleged disability during his employment with SMG.

93.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

94.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

95.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

96.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

97.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the first amended complaint, and leaves Plaintiff to his proofs.

98.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief requested in the wherefore clause of the first amended complaint.

## COUNT TWO
### New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq.
### (FAILURE TO REASONABLY ACCOMMODATE)

99.     Defendants repeat and reallege their answers to the aforementioned paragraphs as if fully set forth in response to this paragraph of the first amended complaint.

100.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

101.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

102.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

103.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

104.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

105.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

106.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

107.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

108.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

109.    Defendants deny the allegations contained in this paragraph of the first amended

complaint.

110.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief requested in the wherefore clause of the first amended complaint.

## COUNT THREE

### New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. (RETALIATION)

111.     Defendants repeat and reallege their answers to the aforementioned paragraphs as if fully set forth in response to this paragraph of the first amended complaint.

112.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

113.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

114.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

115.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

116.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief requested in the wherefore clause of the first amended complaint.

## COUNT FOUR
### New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq.
### (AIDING AND ABETTING NJLAD VIOLATION)

117.     Defendants repeat and reallege their answers to the aforementioned paragraphs as if fully set forth in response to this paragraph of the first amended complaint.

118.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

119.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief requested in the wherefore clause of the first amended complaint.

## COUNT FIVE
### RETALIATION AND FAILURE TO RESTORE IN VIOLATION OF THE FMLA
### 29 U.S.C. 2601, § et seq.

120.     Defendants repeat and reallege their answers to the aforementioned paragraphs as if fully set forth in response to this paragraph of the first amended complaint.

121.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.

122.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.

123.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs. To the extent a response is required, Defendants deny the allegations set forth in this

paragraph of the first amended complaint.

124.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the first amended complaint.

125.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

126.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

127.     Defendants deny the allegations contained in this paragraph of the first amended complaint.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief requested in the wherefore clause of the first amended complaint.

## COUNT SIX

### WILFUL INTERFERENCE WITH AND RETALIATION IN VIOLATION OF THE FMLA
### 29 U.S.C. 2601, § et seq.

128.     Defendants repeat and reallege their answers to the aforementioned paragraphs as if fully set forth in response to this paragraph of the first amended complaint.

129.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs.

130.     The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to

his proofs.

131.    The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the first amended complaint.

132.    The allegations contained in this paragraph of the first amended complaint are legal contentions to which no response is required.  Accordingly, Defendants leave Plaintiff to his proofs. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the first amended complaint.

133.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

134.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

135.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

136.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

137.    Defendants deny the allegations contained in this paragraph of the first amended complaint.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief requested in the wherefore clause of the first amended complaint.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### AS AND FOR A THIRD DEFENSE

At all times relevant hereto, Defendants have acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's alleged disability, purported request for an accommodation, and/or alleged request for leave.

### AS AND FOR A FIFTH DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was based upon reasonable factors other than Plaintiff's alleged disability, alleged request to accommodate, or alleged request for leave.

### AS AND FOR A SIXTH DEFENSE

Plaintiff never requested an accommodation for his alleged disability.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims against Defendants Vadyak and Zatta are barred for the reasons that the individual defendants are not an "employer" under applicable federal and/or state law.

## AS AND FOR AN EIGHTH DEFENSE

Providing any potential accommodations, if any existed, would have posed an undue hardship on Defendants.

## AS AND FOR A NINTH DEFENSE

Defendant SMG did not know, or have reason to know, of the alleged hostile work environment.

## AS AND FOR A TENTH DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome, and/or Plaintiff participated in such conduct.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claim for hostile work environment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant SMG's preventive and corrective opportunities or to avoid ham otherwise.

## AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims for emotional distress, mental anguish, embarrassment and humiliation are not recoverable.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's complaint.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiff's complaint is barred under the doctrine of unclean hands.

### AS AND FOR A SEVENTEENTH DEFENSE

Defendants reserve the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

WHEREFORE, Defendants respectfully request that this Court:

a.     Dismiss the first amended complaint in its entirety, with prejudice;

b.     Deny each and every demand, claim and prayer for relief contained in the first amended complaint;

c.     Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action, including as provided in the Employment Agreement; and

d.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ  07960-6834
(973) 538-6890


By:   s/ Carla D. Macaluso
        Richard J. Cino
        Carla D. Macaluso

Dated:  January 5, 2018


## L. CIV. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I hereby certify that upon information and belief, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  I know of no other parties who should be joined in this action at this juncture.

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890


By:   s/ Carla D. Macaluso
        Richard J. Cino
        Carla D. Macaluso

Dated:  January 5, 2018


352733 Answer to Amended Complaint - final 1-5-18 4821-0018-8762 v.1.docx