# jackson|lewis

Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com

Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

CARLA D. MACALUSO
EMAIL ADDRESS: MACALUSOC@JACKSONLEWIS.COM
Office Managing Principal

March 9, 2018

**VIA ECF**
Honorable Leda D. Wettre, U.S.M.J.
United States District Court for the District of N.J.
Martin Luther King, Jr. Blvd & Courthouse
50 Walnut Street
Newark, NJ 07102

        Re:    David Natale v. Summit Medical Group P.A., et al.
               Civil Action No. 2:17-cv-13216

Dear Judge Wettre:

      The undersigned represents Plaintiff David Natale ("Plaintiff") and Defendants Summit Medical Group P.A. ("SMG"), Aimee Vadyak, and Rebecca Levy (collectively "Defendants"), in connection with the above matter. We submit this joint letter addressing proposed discovery as requested during the February 26, 2018 conference before Your Honor. Specifically, set forth below is the remaining discovery sought by each party in this matter. We also include any objections regarding the discovery sought. Finally, we include the following pertinent prior state orders for Your Honor's Review:

1. November 3, 2016 Order limiting the scope of discovery (Exhibit A).
2. January 13, 2017 Case Management Order (Exhibit B).
3. April 13, 2017 Order (Exhibit C).
4. April 28, 2017 Case Management Order (Exhibit D).
5. July 31, 2017 Case Management Order (Exhibit E).
6. October 30, 2017 Case Management Order (Exhibit F).

**A.**    <u>**Plaintiff's Proposed Discovery**</u>

1. <u>**Written Discovery:**</u>
   a. Plaintiff seeks to serve twenty-five (25) interrogatory questions;
   b. Plaintiff seeks requests for the production of documents;
   c. Plaintiff seeks responses to the documents demanded in Plaintiff's third Notice to Produce dated May 9, 2017 that was previously served but objected to by Defendants due to the limited discovery order.

**jackson|lewis.**

2. **Depositions:** Plaintiff seeks the right to request depositions relative to Plaintiff's FMLA claim.

3. **Expert Report:** An updated or new expert report related to Plaintiff's FMLA claims in the Amended Complaint.

B. **Defendants' Response and Objections**

1. **Written Discovery:** Defendants object to the additional written discovery sought by Plaintiff as it is excessive, overbroad, and vague. This matter has already been extensively litigated in state court, including the exchange of written discovery and the completion of 14 depositions. Importantly, despite this Court's instruction, Plaintiff has not provided any details or information regarding the specific discovery sought and there is no indication that the additional written discovery[1] Plaintiff seeks to serve is limited or related to the FMLA claim. Rather, it appears Plaintiff seeks the opportunity to serve broad and voluminous discovery in an effort to redo discovery or start over. Indeed, the May 9, 2017 notice to produce ("May Document Requests") Plaintiff purported to previously serve violates the state court order limiting the scope of discovery,[2] and contains 35 requests demanding extensive discovery.[3] (See attached May 9, 2017 Document Requests Exhibit G). Moreover, the May Document Requests were served before Plaintiff amended his complaint and thus, are not related to Plaintiff's FMLA claim. Defendants maintain that Plaintiff obtained a significant amount of discovery on the FMLA issue in connection with the existing failure to accommodate claim and thus, no additional discovery is warranted. Accordingly, the Court should not permit Plaintiff to serve unfettered discovery.

   Nevertheless, Defendants are amenable to Plaintiff serving limited discovery requests (five (5) interrogatories and five (5) document requests) narrowly tailored to address his FMLA claim. Defendants reserve their right to assert objections to any discovery requests Plaintiff is permitted to serve.

2. **Depositions:** Defendants object to additional depositions as Plaintiff, once again, did not provide any specificity as he failed to identify: (1) the individual(s) he seeks to depose; (2) the number of depositions; or (3) the scope of the deposition(s) other than to generally state it is related to the FMLA claim.[4] Moreover, Defendants object to any depositions that would require any previously deposed individuals to sit for a second deposition.

---

[1] Incredibly Plaintiff seeks to serve two (2) sets of document requests and does not propose any limits on the number of document requests.
[2] In spite of repeated requests to the state court, Plaintiff was not permitted to serve additional discovery. Further, even though advised to do so, Plaintiff did not file any motions seeking leave to serve additional discovery.
[3] Many of the requests set forth in the May Document Requests are objectionable on a number of grounds including but not limited to relevance and overbreadth based on time and scope.
[4] As set forth above, Plaintiff obtained information related to leave requests in a connection with his discovery related to his failure to accommodate claim.

**jackson lewis.**

3. **Experts:** Defendants do not object to Plaintiff utilizing an FMLA expert provided (1) Plaintiff identifies the area of expertise and scope of the report; (2) Defendants have the opportunity to obtain discovery from the expert including a deposition; and (3) Defendants are permitted to submit a rebuttal report. However, Defendants object to any updated report from Plaintiff's two (2) previously identified experts given that they have already been deposed. If the Court is inclined to allow the previously identified experts to update their reports, Defendants request the opportunity to depose each expert a second time.

C. **Defendants' Proposed Discovery**

1. **No Contact Order:** Plaintiff testified, as did his mother, that during one of his civil commitments shortly following his separation from SMG, a judge issued an order limiting his contact with Kate Zatta as a condition of his release. Plaintiff's mother also testified that they were in possession of the no-contact order at the time of Plaintiff's discharge. Plaintiff was to produce this document as set forth in the state court's April 2017 Order ("April Order"). In spite of the April Order, Plaintiff has not yet produced the no-contact order. As such, Defendants seek the no-contact order and the deposition of an appropriate individual at Summit Oaks (or from the appropriate hospital related to the no-contact order).[5]

2. **Plaintiff's Medical and Mental Health Providers:** A number of issues remain with respect to these records and deposition. As an initial matter, despite a signed authorization and follow up, Defendants have not yet received the records of Maia Stone, one of Plaintiff's medical/mental health providers who treated Plaintiff during the pertinent time period and continues to provide treatment. Accordingly, Defendants need to issue subpoenas for production of these records as well as Ms. Stone's deposition. Additionally, Defendants also need to depose Richard Culligan, another of Plaintiff's medical/mental health providers who recently provided records. These records and depositions were addressed in the October 30, 2017 case management order.

Defendants will also need to obtain updated medical records from a number of Plaintiff's providers, including but not limited to Dr. Cartwright.

Further, to the extent any of Plaintiff's pertinent medical or mental health providers have not been identified, Defendants reserve the right to obtain those records and conduct depositions as needed.

3. **Deposition of David Natale, Sr.:** Plaintiff has repeatedly identified Mr. Natale as a witness, most recently in Plaintiff's initial disclosures. Mr. Natale was present at a number of key events including but not limited when the police were called to Plaintiff's home because Plaintiff was threatening suicide by cop in October 2015 as well as the Halloween party in October 2015 where Ms. Zatta was in attendance. In spite of prior

---

[5] Defendants reserve the right to request a spoliation inference if this document is not produced.

**jackson|lewis.**

requests, Plaintiff has not produced Mr. Natale for his deposition. Defendants understand that Mr. Natale has a medical condition, and will work to accommodate same. However, Plaintiff cannot be permitted to affirmatively identify Mr. Natale as a witness, potentially to be called at trial, and not make him available for deposition.

4. **Experts**: While Defendants object to Plaintiff identifying or utilizing any experts in addition to those already identified, if Plaintiff is permitted to do so, Defendants request the opportunity to identify rebuttal expert(s). Further, in connection with the October 30, 2017 case management order, Defendants were permitted to identify a rebuttal expert(s) once they obtained the outstanding records from Ms. Stone and Mr. Culligan. Given the issues in obtaining the records from Ms. Stone, Defendants need time to determine if a rebuttal expert, related to Plaintiff's previously identified experts, is needed following receipt of Ms. Stone's outstanding records.

5. **Plaintiff's Continued Deposition**: Pursuant to the April 2017 Order, Plaintiff is required to appear for his continued deposition. This was reiterated in the Court's July 31, 2017 and October 30, 2017 case management orders. Despite these orders and repeated attempts to schedule the continued deposition, Plaintiff has not yet appeared for his continued deposition. Accordingly, Defendants seek to complete the previously ordered continued deposition of Plaintiff.

6. **Job Search/Continued Education**: Defendants seek documents and/or information regarding Plaintiff's job search efforts and/or his continued education. Plaintiff has indicated that he is going to or preparing to attend college.

D. **Plaintiff's Responses and Objections to Defendant's Proposed Discovery**

1. **No Contact Order**: Plaintiff is not in possession of any no-contact order, and he testified under oath as to his recollection as to any proceedings that occurred in connection with his release from involuntary commitment. Plaintiff is not in possession of any no-contact order and thus cannot produce this document and objects to Defendants' request for a spoliation inference. Plaintiff will consent to execute any documents sought by Defendants to obtain copies of any no-contact order, but Plaintiff cannot produce a no-contact order for the reasons stated. Defendants have already received fully executed medical authorizations from Plaintiff.

2. **Plaintiff's Medical and Mental Health Providers**: Ms. Stone has communicated that she will not provide David Natale's records created in connection with her services as a licensed social worker without a court order because they are privileged. Defendants have already received fully executed medical authorizations and records from all other medical providers requested.

3. **Deposition of David Natale, Sr.**: Mr. Natale Sr. was previously unavailable to appear for his deposition for medical reasons. Mr. Natale Sr.'s health is a continued issue vis-à-

**jackson lewis.**

vis producing him for his deposition, and Plaintiff requests the opportunity to discuss this issue with the Court and defense counsel.

4. **Experts**: Plaintiff's provided expert reports in accordance with the state court's orders, but these expert reports did not include any opinions relative to FMLA claims. Defendants have not provided any expert reports to date on the basis of Ms. Stone's outstanding medical records (all of which are for treatment that occurred <u>after</u> Plaintiff was terminated).

5. **Plaintiff's Continued Deposition**: The basis for Plaintiff's objection to Plaintiff's continued deposition is that Plaintiff's counsel communicated that all parties should only be required to appear for one deposition in this litigation at the outset of discovery in state court. Notwithstanding Plaintiff's objection to having a second deposition, a second deposition was eventually ordered by the state court, which Plaintiff's counsel readily acknowledges. The state court required that Plaintiff's deposition occur at the courthouse instead of counsel's office due to defense counsel's safety fears of being near Plaintiff without security nearby. Plaintiff's counsel requests that in the event any second deposition of Plaintiff is required, that he is permitted to appear for his deposition at his counsel's office like the other parties to this case.

We thank the Court for its attention to this matter. Both parties are available to discuss, as needed, at Your Honor's convenience.

Respectfully submitted,

s/ Jason A. Rindosh
Jason A. Rindosh, Esq.
BEDI RINDOSH
1605 John Street
Suite 305
Fort Lee, New Jersey 07024
Attorneys for Plaintiff

s/ Carla D. Macaluso
Richard J. Cino., Esq.
Carla D. Macaluso, Esq.
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
Attorneys for Defendants

/Enclosures
cc:   Jason Rindosh, Esq. (w/encls. via ECF)