# EXHIBIT A

**FILED**

NOV 3 2016

ROBERT KIRSCH
J.S.C.

Carla D. Macaluso, Esq. (ID No. 018141996)
Richard J. Cino, Esq. (ID No. 035121990)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890
Attorneys for Defendants Summit Medical Group P.A., Kate Zatta, and Aimee Vadyak

| | |
|---|---|
| DAVID NATALE, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | UNION COUNTY, LAW DIVISION |
| vs. | DOCKET NO. UNN-L-1480-16 |
| SUMMIT MEDICAL GROUP P.A., KATE ZATTA, AIMEE VADYAK, and JOHN AND JANE DOES 1-10 (fictitious names) | Civil Action |
| | ORDER |
| Defendants. | |

THIS MATTER having been opened to the Court on Defendants' motion for summary judgment, Jackson Lewis P.C., attorneys for Defendants Summit Medical Group P.A. ("SMG"), Kate Zatta, and Aimee Vadyak (collectively "Defendants"), and Bedi Rindosh, Attorneys at Law, attorneys for Plaintiff David Natale ("Plaintiff"), having appeared before the Honorable Robert A. Kirsch, J.S.C. on October 28, 2016, and the Court having heard oral argument, and for good cause shown;

IT IS ON THIS 3 day of November, 2016,

ORDERED that Defendants' motion for summary judgment is denied, without prejudice, as premature and for the other reasons placed on the record by the Court on October 28, 2016; and it is further

ORDERED that the Defendants will file an answer to the Complaint within 20 days from the date of this order; and it is further

**ORDERED** that the parties are permitted to engage in the limited discovery as outlined below which is to be completed by January 13, 2017.

1. Plaintiff may serve a notice to produce documents upon Defendant SMG, no later than 15 days of the date of this order. Defendant SMG shall respond within 20 days of receipt. The notice shall be limited as follows:

- All non-privileged communications by and between the New Providence Police Department, Defendant Zatta, Defendant Vadyak, and SMG's human resources department, regarding Plaintiff during the time period of October 19, 2015 – November 30, 2015;

- Any communications between CPS and SMG regarding Plaintiff during the time period October 19, 2015 through November 30, 2015;

- Any relevant employee handbook and policies of Summit Medical Group in effect during the time period October 19, 2015 through November 30, 2015; and

- Any acknowledgement of the employee handbook signed by Plaintiff.

2. Plaintiff may only depose Defendant Zatta as to the following topics: her work relationship with Plaintiff; feeling threatened by Plaintiff; communications with Plaintiff, including text messages; what Defendant Zatta reported to SMG regarding feeling threatened by Plaintiff; Defendant Zatta's certification submitted in connection with Defendants' motion for

summary judgment, and any questions related to any of the documents produced in this limited discovery process.

3. Plaintiff may only depose Defendant Vadyak regarding the termination decision, termination letter to Plaintiff and non-privileged communications at SMG regarding the decision to terminate Plaintiff's employment. Defendant Vadyak may also be questioned about any conversation with Plaintiff's mother regarding Plaintiff's alleged request for leave and termination from employment.

4. Within ten (10) days of the date of this order, Plaintiff will produce all text messages by and between Plaintiff and Defendant Zatta currently available on his telephone.   Plaintiff will produce all text messages by and between Plaintiff and Defendant Zatta that may require assistance from his cellular carrier to recover within thirty-five (35) days of this order.

5. Plaintiff may also depose Brian Natale regarding the events relating to Plaintiff for the time period from October 19, 2015 through November 30, 2015, including Mr. Natale's interactions with the New Providence Police Department.

6. Either party may seek discovery, including depositions of members of the New Providence Police Department.

7. Plaintiff may serve 5 proposed interrogatories upon Defendant on or before October 31, 2016 at 3:00 pm. Upon receipt of the proposed interrogatories, Defendant can dispute whether any of the information in the Interrogatories is beyond the scope of the limited discovery plan;

8.    At its discretion, Defendants are permitted to depose Plaintiff, Plaintiff's mother or other individuals regarding the lawsuit; and

9.    Defendants may serve limited interrogatories (5) upon Plaintiff within 10 days of the date of this order to be answered by Plaintiff within 20 days of receipt.

**ORDERED** that if either party believes additional discovery is necessary at the end of the limited discovery period, either party may make the appropriate request to the Court no later than January 10, 2017, and the requesting party shall state the basis for the request for additional discovery; and it is further

**ORDERED** that the parties are to appear for a conference on January 13, 2017 before the Honorable Robert J. Mega, J.S.C. at 2:00 p.m., and it is further

**ORDERED** that a copy of this Order shall be forwarded to all counsel of record within seven (7) days of receipt thereof.

Honorable Robert A. Kirsch, J.S.C.

# EXHIBIT B

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, UNION COUNTY
DOCKET NO. UNN-L-1480-16

DAVID NATALE,                    :

                                 :                CIVIL ACTION

              Plaintiffs,        :              CASE MANAGEMENT ORDER

                                 :

        v.                       :        **FILED**

                                 :        JAN 13 2017

SUMMIT MEDICAL GROUP P.A., ET    :

AL,                              :        ROBERT J. MEGA, J.S.C.

              Defendants,        :

A Case Management Conference having been held by the Court on January 13, 2017, and

the Court having considered the matter, and good cause appearing:

It is hereby ordered and adjudged as follows:

## CASE MANAGEMENT ORDER

☐   1.   Motions to add any additional parties are to be filed and returnable no later than

         _____;

☐   2.   Plaintiff(s) is (are) to provide fully responsive answers to defendant's
         interrogatories on or before _____;

☐   3.   Defendant(s) is (are) to provide fully responsive answers to plaintiff's
         interrogatories on or before _____;

☐   4.   (a) If the form interrogatories found in Appendix II to the Rules of Court do not
         apply to this case, then interrogatories not exceeding 20 in number without
         subparts shall be served within 10 days of the date hereof. Otherwise, said form
         interrogatories are to be utilized. See R.4:17-1;

☐        (b) The party served with interrogatories shall serve his/her answers thereto upon
         the party propounding them within 30 days after service of such interrogatories
         upon him/her;

☐        (c) In the event that relief is required from the accelerated discovery provisions of
         this Order, such relief shall be sought within 30 days from this date on formal
         motion supported by a detailed certification as to why the discovery cannot be
         completed within the time allotted. The provisions of R.4:24-1 do not apply.

☒ 5. Plaintiff(s) is (are) to respond to defendant's Notice to Produce on or before ___11/30/17___ ;

☒ 6. Defendant(s) is (are) to respond to plaintiff's Notice to Produce on or before ___11/30/17___ ;

☒ 7. Plaintiff(s) ___NAME___ is (are) to be produced for depositions on or before ___2/28/17___ . If the depositions are adjourned by defendant without good cause, the right to take same is waived. If adjourned by plaintiff without good cause, plaintiff's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived.

☒ 8. Defendant(s) ___All___ is (are) to be produced for depositions on or before ___2/28/17___ . If the depositions are adjourned by plaintiff without good cause, the right to take same is waived. If adjourned by defendant without good cause, defendant's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived.

☒ 9. Plaintiff is to serve medical expert's report(s) on or before ___2/28/17___ or be barred from introducing evidence on this issue;

☒ 10. Plaintiff is to serve liability expert's report(s) on or before ___2/28/17___ or be barred from introducing evidence on this issue;

☒ 11. Plaintiff is to serve economic expert's report(s) on or before ___2/28/17___ or be barred from introducing evidence on this issue;

☒ 12. If desired, defendant(s) are to serve medical expert's report(s) on or before ___4/28/17___ or be barred from introducing evidence on this issue;

☒ 13. If desired, defendant(s) are to serve liability expert's report(s) on or before ___4/28/17___ or be barred from introducing evidence on this issue;

☒ 14. If desired, defendant(s) are to serve economic expert's report(s) on or before ___4/28/17___ or be barred from introducing evidence on this issue;

*ON REMAND N.D.*

☒ 15. If noticed, plaintiff is to produce medical expert(s) for depositions on or before _4/28/17_. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

☒ 16. If noticed, plaintiff is to produce liability expert(s) for depositions on or before _4/8/17_. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

☒ 17. If noticed, plaintiff is to produce economic expert(s) for depositions on or before _4/28/17_. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

☒ 18. If noticed, defendant is to produce medical expert(s) for depositions on or before _5/28/17_. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

☒ 19. If noticed, defendant is to produce liability expert(s) for depositions on or before _5/28/17_. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

☒ 20. If noticed, defendant is to produce economic expert(s) for depositions on or before _5/28/17_. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

☒ 21. Depositions of any currently known fact witnesses are to be noticed to be held on or before _4/28/17_. If not noticed, same are waived. Once noticed, the depositions are not to be adjourned by any party without leave of court;

☐ 22. Defendant is granted leave to schedule an Independent Medical Exam on or before _____. If same is not scheduled, the right to same is waived. If plaintiff fails to attend or complete the Independent Medical Exam as scheduled, testimony concerning plaintiff's injuries will be barred at trial absent exceptional circumstances;

☒ 23. Dispositive motions are to be filed and returnable no later than _7/1/17_;

☒ 24. A case management/settlement conference is scheduled for _4/28/17_ a.m./p.m. on _2:10_. If defendant(s) has/have no settlement authority, defendant(s) is/are to notify all parties and the court within three (3) days of the above date. Plaintiff shall be present at the settlement conference.

Defendant(s) shall have a representative with settlement authority either present or available by telephone;

25. All parties are to confirm the availability of each witness for the assigned trial date forthwith. If any witness is unavailable after an adjournment has been given to assure the presence of any witness, his/her testimony is to be preserved via videotape. In the event that a witness is unavailable and his/her testimony has not been preserved, the party wishing to produce same will be deemed to have waived that witness testimony at trial;

26. **DISCOVERY END DATE EXTENDED TO:** _____;

27. **TRIAL DATE:** _____;

28. Before opening statements, the attorneys shall submit to the trial judge copies of any materials exchanged pursuant to R.4:25-7 and written stipulations, special voir dire questions, proposed jury instructions with specific reference to the Model Civil Jury Charges, if applicable, a proposed Jury Verdict Sheet and a list of exhibits, all of which are to be pre-marked. Failure to exchange or submit the required information may result in sanctions.

29. **OTHER:** _IF EITHER PARTY REQUEST DEPS TO BE TAKEN AT ALTERNATE SITE SUCH AS COURT HOUSE SAME IS ACCEPTABLE AND SUCH REQUEST BE GRANTED._

HON. ROBERT F. MEGA, J.S.C.

cc:   Civil Assignment
       Rosa Voytac-Calderon, Court Clerk

Page 4 of 4

# **EXHIBIT C**

Carla D. Macaluso, Esq. (ID No. 018141996)
Richard J. Cino, Esq. (ID No. 035121990)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890
Attorneys for Defendants Summit Medical Group P.A., Kate Zatta, and Aimee Vadyak

**F I L E D**

APR 1 3 2017

ROBERT J. MEGA, J.S.C.

|  |  |  |
|---|---|---|
| DAVID NATALE, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | UNION COUNTY, LAW DIVISION |
| Plaintiff, | : |  |
|  | : | DOCKET NO. UNN-L-1480-16 |
| vs. | : |  |
|  | : | Civil Action |
| SUMMIT MEDICAL GROUP P.A., KATE | : |  |
| ZATTA, AIMEE VADYAK, and JOHN | : | **ORDER** |
| AND JANE DOES 1-10 (fictitious names) | : |  |
|  | : |  |
| Defendants. | : |  |

**THIS MATTER** having been opened to the Court by Defendants Summit Medical

Group P.A. ("SMG"), Kate Zatta, and Aimee Vadyak (collectively "Defendants"), through their

attorneys Jackson Lewis P.C., for an order compelling discovery, and continuing Plaintiff's

deposition and the Court having considered the submissions, any opposition thereto and for good

cause shown;

**IT IS ON THIS** _13_ day of _April_, 2017,

**ORDERED** that Plaintiff is compelled to execute the authorizations for medical

and mental health providers and treatment, Community Personnel Services and the Department of

Development Disabilities attached hereto as Exhibit A, and provide the fully executed

authorizations to Defendants within seven (7) days of the date of this Order; and it is further

**ORDERED** that Plaintiff is compelled to provide a full and complete response to

Interrogatory 2 within seven (7) days of the date of this order; and it is further

ORDERED that Plaintiff is compelled to produce a copy of the no-contact order he testified about at his deposition on February 15, 2017, and any related/supporting documents within seven (7) days of the date of this Order; and it is further

ORDERED that Plaintiff is to appear for his continued deposition no later than 14 days after Defendants receive the medical and mental health records provided in response to the various authorizations attached as Exhibit A; and it is further

ORDERED that a copy of this Order shall be forwarded to all counsel of record within seven (7) days of receipt thereof.

_____
Honorable Robert J. Mega, J.S.C.

4846-7919-1620, v. 1

# **<u>EXHIBIT D</u>**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, UNION COUNTY
DOCKET NO. UNN-L-1480-16

**FILED**
APR 28 2017
ROBERT J. MEGA, J.S.C.

DAVID NATALE,

Plaintiff,

vs.

SUMMIT MEDICAL GROUP P.A., et al,

Defendants.

CIVIL ACTION

CASE MANAGEMENT ORDER

A Case Management Conference having been held by the Court on April 28, 2017, and the Court having considered the matter, and good cause appearing:

It is hereby ordered and adjudged as follows:

## CASE MANAGEMENT ORDER

☐   1.   Motions to add any additional parties are to be filed and returnable no later than
_____;

☐   2.   Plaintiff(s) is (are) to provide fully responsive answers to defendant's interrogatories on or before _____;

☐   3.   Defendant(s) is (are) to provide fully responsive answers to plaintiff's interrogatories on or before _____;

☐   4.   (a)  If the form interrogatories found in Appendix II to the Rules of Court do not apply to this case, then interrogatories not exceeding 20 in number without subparts shall be served within 10 days of the date hereof.  Otherwise, said form interrogatories are to be utilized.  See R.4:17-1;

☐        (b)  The party served with interrogatories shall serve his/her answers thereto upon the party propounding them within 30 days after service of such interrogatories upon him/her;

1 | P a g e

☐    (c) In the event that relief is required from the accelerated discovery provisions of this Order, such relief shall be sought within 30 days from this date on formal motion supported by a detailed certification as to why the discovery cannot be completed within the time allotted. The provisions of R.4:24-1 do not apply.

☐   5.    Plaintiff(s) is (are) to respond to defendant's Notice to Produce on or before
_____ ;

☐   6.    Defendant(s) is (are) to respond to plaintiff's Notice to Produce on or before
_____ ;

☐   7.    Plaintiff(s) _____ is (are) to be produced for depositions on or before _____ . If the depositions are adjourned by defendant without good cause, the right to take same is waived. If adjourned by plaintiff without good cause, plaintiff's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived.

☐   8.    Defendant(s) _____ is (are) to be produced for depositions on or before _____ . If the depositions are adjourned by plaintiff without good cause, the right to take same is waived. If adjourned by defendant without good cause, defendant's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived.

☒   9.    Plaintiff is to serve medical expert's report(s) on or before
5/28/17 or be barred from introducing evidence on this issue;

☒   10.   Plaintiff is to serve liability expert's report(s) on or before
5/28/17 or be barred from introducing evidence on this issue;

☒   11.   Plaintiff is to serve economic expert's report(s) on or before
6/28/17 or be barred from introducing evidence on this issue;

☒   12.   If desired, defendant(s) are to serve medical expert's report(s) on or before
7/28/17 or be barred from introducing evidence on this issue;

☒   13.   If desired, defendant(s) are to serve liability expert's report(s) on or before
7/15/17 or be barred from introducing evidence on this issue;

☒   14.   If desired, defendant(s) are to serve economic expert's report(s) on or before
8/15/17 or be barred from introducing evidence on this issue;

☒   15.   If noticed, plaintiff is to produce medical expert(s) for depositions on or before
1/31/17 . If not noticed, defendant will waive right to same. If

adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

16. If noticed, plaintiff is to produce liability expert(s) for depositions on or before _____. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

17. If noticed, plaintiff is to produce economic expert(s) for depositions on or before _____. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

18. If noticed, defendant is to produce medical expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

19. If noticed, defendant is to produce liability expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

20. If noticed, defendant is to produce economic expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

21. Depositions of any currently known fact witnesses are to be noticed to be held on or before _____. If not noticed, same are waived. Once noticed, the depositions are not to be adjourned by any party without leave of court;

22. Defendant is granted leave to schedule an Independent Medical Exam on or before _____. If same is not scheduled, the right to same is waived. If plaintiff fails to attend or complete the Independent Medical Exam as scheduled, testimony concerning plaintiff's injuries will be barred at trial absent exceptional circumstances;

23. Dispositive motions are to be filed and returnable no later than _____;

24. A case management/settlement conference is scheduled for _____ a.m./p.m. on _____. If defendant(s) has/have no settlement authority, defendant(s) is/are to notify all parties and the court within three (3) days of the above date. Plaintiff shall be present at the settlement conference. Defendant(s) shall have a representative with settlement authority either present or available by telephone;

☐   25.   All parties are to confirm the availability of each witness for the assigned trial date forthwith.  If any witness is unavailable after an adjournment has been given to assure the presence of any witness, his/her testimony is to be preserved via videotape.  In the event that a witness is unavailable and his/her testimony has not been preserved, the party wishing to produce same will be deemed to have waived that witness testimony at trial;

☐   26.   **DISCOVERY END DATE EXTENDED TO:** _____;

☐   27.   **TRIAL DATE:** _____;

☐   28.   Before opening statements, the attorneys shall submit to the trial judge copies of any materials exchanged pursuant to R.4:25-7 and written stipulations, special <u>voir</u> <u>dire</u> questions, proposed jury instructions with specific reference to the Model Civil Jury Charges, if applicable, a proposed Jury Verdict Sheet and a list of exhibits, all of which are to be pre-marked.  Failure to exchange or submit the required information may result in sanctions.

☑   29.   **OTHER:**   *Π Ττ/έΐε Μοτόλ Το Ωμβω*
*Complaint for FMLA By 5/30/17.*

_____
_____
_____
_____
_____
_____
_____
_____

HON. ROBERT J.  MEGA, J.S.C.

cc:     Civil Assignment
        Rosa Voytac-Calderon

# **EXHIBIT E**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, UNION COUNTY
DOCKET NO. UNN-L-1480-16

DAVID NATALE,

                              Plaintiff,                    CIVIL ACTION

                                                           CASE MANAGEMENT ORDER

vs.                                                        **FILED**

SUMMIT MEDICAL GROUP P.A., et al,                          JUL 3 1 2017

                              Defendants.                  ROBERT J. MEGA, J.S.C.

A Case Management Conference having been held by the Court on July 31, 2017, and the

Court having considered the matter, and good cause appearing:

It is hereby ordered and adjudged as follows:

## CASE MANAGEMENT ORDER

☐   1.   Motions to add any additional parties are to be filed and returnable no later than
         _____ ;

☐   2.   Plaintiff(s) is (are) to provide fully responsive answers to defendant's
         interrogatories on or before _____ ;

☐   3.   Defendant(s) is (are) to provide fully responsive answers to plaintiff's
         interrogatories on or before _____ ;

☐   4.   (a) If the form interrogatories found in Appendix II to the Rules of Court do not
         apply to this case, then interrogatories not exceeding 20 in number without
         subparts shall be served within 10 days of the date hereof.  Otherwise, said form
         interrogatories are to be utilized.  See R.4:17-1;

☐        (b) The party served with interrogatories shall serve his/her answers thereto upon
         the party propounding them within 30 days after service of such interrogatories
         upon him/her;

☐      (c) In the event that relief is required from the accelerated discovery provisions of this Order, such relief shall be sought within 30 days from this date on formal motion supported by a detailed certification as to why the discovery cannot be completed within the time allotted. The provisions of R.4:24-1 do not apply.

☐    5.    Plaintiff(s) is (are) to respond to defendant's Notice to Produce on or before _____ ;

☐    6.    Defendant(s) is (are) to respond to plaintiff's Notice to Produce on or before _____ ;

☒    7.    Plaintiff(s) _NONE_ ~~is (are)~~ to be produced for depositions on or before _11/1/17*_ . If the depositions are adjourned by defendant without good cause, the right to take same is waived. If adjourned by plaintiff without good cause, plaintiff's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived. *Ms supplements pawn Dep.

☐    8.    Defendant(s) _____ is (are) to be produced for depositions on or before _____ . If the depositions are adjourned by plaintiff without good cause, the right to take same is waived. If adjourned by defendant without good cause, defendant's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived.

☒    9.    Plaintiff is to serve medical expert's report(s) on or before _9/1/17_ or be barred from introducing evidence on this issue;

☒    10.    Plaintiff is to serve liability expert's report(s) on or before _9/1/17_ or be barred from introducing evidence on this issue;

☒    11.    Plaintiff is to serve economic expert's report(s) on or before _10/1/17_ or be barred from introducing evidence on this issue;

☒    12.    If desired, defendant(s) are to serve medical expert's report(s) on or before _10/5/17_ or be barred from introducing evidence on this issue;

☒    13.    If desired, defendant(s) are to serve liability expert's report(s) on or before _10/5/17_ or be barred from introducing evidence on this issue;

☒    14.    If desired, defendant(s) are to serve economic expert's report(s) on or before _11/5/17_ or be barred from introducing evidence on this issue;

☒    15.    If noticed, plaintiff is to produce medical expert(s) for depositions on or before _11/1/17_ . If not noticed, defendant will waive right to same. If



adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

16. If noticed, plaintiff is to produce liability expert(s) for depositions on or before _____. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

17. If noticed, plaintiff is to produce economic expert(s) for depositions on or before _____. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

18. If noticed, defendant is to produce medical expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

19. If noticed, defendant is to produce liability expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

20. If noticed, defendant is to produce economic expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

21. Depositions of any currently known fact witnesses are to be noticed to be held on or before _____. If not noticed, same are waived. Once noticed, the depositions are not to be adjourned by any party without leave of court;

22. Defendant is granted leave to schedule an Independent Medical Exam on or before _____. If same is not scheduled, the right to same is waived. If plaintiff fails to attend or complete the Independent Medical Exam as scheduled, testimony concerning plaintiff's injuries will be barred at trial absent exceptional circumstances;

23. Dispositive motions are to be filed and returnable no later than _____;

24. A case management/settlement conference is scheduled for _____ a.m./p.m. on _____. If defendant(s) has/have no settlement authority, defendant(s) is/are to notify all parties and the court within three (3) days of the above date. Plaintiff shall be present at the settlement conference. Defendant(s) shall have a representative with settlement authority either present or available by telephone;

☐  25.  All parties are to confirm the availability of each witness for the assigned trial date forthwith.  If any witness is unavailable after an adjournment has been given to assure the presence of any witness, his/her testimony is to be preserved via videotape.  In the event that a witness is unavailable and his/her testimony has not been preserved, the party wishing to produce same will be deemed to have waived that witness testimony at trial;

☐  26.  **DISCOVERY END DATE EXTENDED TO:** _____ ;

☐  27.  **TRIAL DATE:** _____ ;

☐  28.  Before opening statements, the attorneys shall submit to the trial judge copies of any materials exchanged pursuant to R.4:25-7 and written stipulations, special voir dire questions, proposed jury instructions with specific reference to the Model Civil Jury Charges, if applicable, a proposed Jury Verdict Sheet and a list of exhibits, all of which are to be pre-marked.  Failure to exchange or submit the required information may result in sanctions.

☒  29.  OTHER:
_(1) TO PRODUCE TO MEDICAL RECORDS by_
_9/15/17, from Dr Cartwright and_
_Dr Barr(?)_

_____

_____

_____

_____

_____

_____

_____

_____

HON. ROBERT J. MEGA, J.S.C.

cc:    Civil Assignment
       Rosa Voytac-Calderon

# <u>EXHIBIT F</u>

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, UNION COUNTY
DOCKET NO. UNN-L-1480-16

---

DAVID NATALE,

                      Plaintiff,

vs.

SUMMIT MEDICAL GROUP P.A., et al,

                      Defendants.

CIVIL ACTION

CASE MANAGEMENT ORDER

**FILED**

**OCT 3 0 2017**

**ROBERT J. MEGA, J.S.C.**

---

A Case Management Conference having been held by the Court on October 30, 2017, and the Court having considered the matter, and good cause appearing:

It is hereby ordered and adjudged as follows:

## CASE MANAGEMENT ORDER

☐   1.   Motions to add any additional parties are to be filed and returnable no later than _____;

☐   2.   Plaintiff(s) is (are) to provide fully responsive answers to defendant's interrogatories on or before _____;

☐   3.   Defendant(s) is (are) to provide fully responsive answers to plaintiff's interrogatories on or before _____;

☐   4.   (a)  If the form interrogatories found in Appendix II to the Rules of Court do not apply to this case, then interrogatories not exceeding 20 in number without subparts shall be served within 10 days of the date hereof.  Otherwise, said form interrogatories are to be utilized.  See R.4:17-1;

☐        (b)  The party served with interrogatories shall serve his/her answers thereto upon the party propounding them within 30 days after service of such interrogatories upon him/her;

---

☐   (c) In the event that relief is required from the accelerated discovery provisions of this Order, such relief shall be sought within 30 days from this date on formal motion supported by a detailed certification as to why the discovery cannot be completed within the time allotted. The provisions of R.4:24-1 do not apply. *[handwritten]*

☒  5.   Plaintiff(s) is (are) to respond to defendant's Notice to Produce on or before
_12/5/17_ ; *SEE PARA 29.*

☒  6.   Defendant(s) is (are) to respond to plaintiff's Notice to Produce on or before *NONE NEW PRIV. LOG ON I DOC'S W/ CO COUNSEL*

☒  7.   Plaintiff(s) *NONE* is (are) to be produced for depositions on or before *[handwritten]* the depositions are adjourned by defendant without good cause, the right to take same is waived. If adjourned by plaintiff without good cause, plaintiff's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived. *SET FORTH IN PARA 6.*

☐  8.   Defendant(s) _____ is (are) to be produced for depositions on or before _____ . If the depositions are adjourned by plaintiff without good cause, the right to take same is waived. If adjourned by defendant without good cause, defendant's testimony is barred at trial. If the depositions are not noticed by the above date, the right to same is waived.

☐  9.   Plaintiff is to serve medical expert's report(s) on or before _____ or be barred from introducing evidence on this issue;

☐  10.   Plaintiff is to serve liability expert's report(s) on or before _____ or be barred from introducing evidence on this issue;

☐  11.   Plaintiff is to serve economic expert's report(s) on or before _____ or be barred from introducing evidence on this issue;

☒  12.   If desired, defendant(s) are to serve medical expert's report(s) on or before _____ or be barred from introducing evidence on this issue; *30 DAYS — OF NEW MEDIA INFORMATION NOT GAINS POSSESSION.*

☒  13.   If desired, defendant(s) are to serve liability expert's report(s) on or before _____ or be barred from introducing evidence on this issue; *30 DAYS OF RECEIPT OF OUTSTANDING RECORDS FROM LT*

☐  14.   If desired, defendant(s) are to serve economic expert's report(s) on or before _____ or be barred from introducing evidence on this issue;

☒  15.   If noticed, plaintiff is to produce medical expert(s) for depositions on or before _____ If not noticed, defendant will waive right to same. If *30 DAYS [handwritten]*

adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

☐ 16. If noticed, plaintiff is to produce liability expert(s) for depositions on or before _____. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

☐ 17. If noticed, plaintiff is to produce economic expert(s) for depositions on or before _____. If not noticed, defendant will waive right to same. If adjourned by plaintiff, testimony from such witness will be barred absent exceptional circumstances. If adjourned by defendant, the right to same is waived;

☐ 18. If noticed, defendant is to produce medical expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

☐ 19. If noticed, defendant is to produce liability expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

☐ 20. If noticed, defendant is to produce economic expert(s) for depositions on or before _____. If not noticed, plaintiff will waive right to same. If adjourned by defendant, the right to same is waived;

☒ 21. Depositions of any currently known fact witnesses are to be noticed to be held on or before _11/20/17_. If not noticed, same are waived. Once noticed, the depositions are not to be adjourned by any party without leave of court;

☐ 22. Defendant is granted leave to schedule an Independent Medical Exam on or before _____. If same is not scheduled, the right to same is waived. If plaintiff fails to attend or complete the Independent Medical Exam as scheduled, testimony concerning plaintiff's injuries will be barred at trial absent exceptional circumstances;

☒ 23. Dispositive motions are to be filed and ~~returnable~~ no later than _1/30/18_;

☒ 24. A case management/settlement conference is scheduled for _9:00 AM_ (a.m/)p.m. on _1/2/18_. If defendant(s) has/have no settlement authority, defendant(s) is/are to notify all parties and the court within three (3) days of the above date. Plaintiff shall be present at the settlement conference. Defendant(s) shall have a representative with settlement authority either present or available by telephone;

☐ 25. All parties are to confirm the availability of each witness for the assigned trial date forthwith. If any witness is unavailable after an adjournment has been given to assure the presence of any witness, his/her testimony is to be preserved via videotape. In the event that a witness is unavailable and his/her testimony has not been preserved, the party wishing to produce same will be deemed to have waived that witness testimony at trial;

☒ 26. **DISCOVERY END DATE EXTENDED TO:** _1/30/18_ ;

☐ 27. **TRIAL DATE:** _____ ;

☐ 28. Before opening statements, the attorneys shall submit to the trial judge copies of any materials exchanged pursuant to R.4:25-7 and written stipulations, special voir dire questions, proposed jury instructions with specific reference to the Model Civil Jury Charges, if applicable, a proposed Jury Verdict Sheet and a list of exhibits, all of which are to be pre-marked. Failure to exchange or submit the required information may result in sanctions.

☒ 29. **OTHER:**

_π to sign medical auth for Dr Stone &_
_Dr Culligan & provide to δ by 11/3/17_
_failure to do so will result in sanctions._

_π to serve req for admission and req. [struck out line]_
_w/ 10 day limit to diamond police report_
_plus 20 request per person. Failure to comply will_
_bar π ability to pursue this req for admission._

_δ to serve π with req to admit existence of two_
_contract or by 11/9/18. π to respond w/i 10 days of_
_receipt – [illegible] limited_
_to 15 req._

HON. ROBERT J. MEGA, J.S.C.

cc:    Civil Assignment
       Rosa Voytac-Calderon

# EXHIBIT G

Prabhkaran S. Bedi, Esq., #032352012
**BEDI RINDOSH ATTORNEYS AT LAW**
1605 John Street, Suite #305
Fort Lee, NJ 07024
Tel: 201.775.4222
Fax: 201.777.3975
pbedi@berilaw.com
Attorneys for Plaintiff
David Natale

|  |  |
|---|---|
| DAVID NATALE,<br><br>Plaintiff<br><br>v.<br><br>SUMMIT MEDICAL GROUP P.A., KATE ZATTA, AIMEE VADYAK, and JOHN AND JANE DOES 1-10 (fictitious names)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY UNION COUNTY, LAW DIVISION<br><br>CIVIL ACTION<br><br>Docket No.: UNN-L-1480-16<br><br>**THIRD NOTICE TO PRODUCE** |

TO:   Richard J. Cino, Esq.
      JACKSON LEWIS P.C.
      220 Headquarters Plaza
      East Tower, 7th Floor
      Morristown, New Jersey 07960

**SIR OR MADAM:**

PLEASE TAKE NOTICE that, pursuant to R. 4:10-2 and R. 4:18-1 et seq. of the Rules governing the Courts of the State of New Jersey, Plaintiff requests the production for inspection and copying each of the documents specified below at the law offices of Bedi Rindosh, 1605 John Street, Suite #305, Fort Lee, New Jersey, 07024, and that Defendants Summit Medical Group, P.A. and Aimee Vadyak must serve a written response to this Request

in accordance with Court Rule.  This request is intended to cover all documents in Defendants' possession or subject to Defendants' custody and control, directly or indirectly, and wherever located.  This request is a continuing demand.

DATED:  May 9, 2017

PRABHKARAN S. BEDI, ESQ.

## INSTRUCTIONS AND DEFINITIONS

1. "Document" means, without limitation, any handwritten, printed, typewritten, recorded, stored on computer disk or tape, electromagnetic, machine readable, or graphic, or photographic matter, however produced or reproduced, including, but not limited to: contracts, agreements, correspondences, e-mails, telegrams, teletype, memoranda, drafts, records, reports, computer print-outs, communications, notes, stenographic or handwritten notes, analyses, work papers, notices, orders, bills or invoices, announcements, instructions, minutes, transcripts of conversations or meetings, summaries, agenda, calendars, diaries, files, maps, drawings, graphs, charts, blueprints, journals, books of account, ledgers, checks, receipts, books, studies, manuals, brochures, pamphlets, bulletins, schedules, periodicals, newspapers, price lists, photographs, tape recordings, and any other writings. "Document" refers to the original or identical copy when the original is unavailable, and any non-identical copies (where it differs from the original in any respect because of alterations, notes, comments, attachments, or otherwise) in your possession, custody, care or control.

2. "Communication" means any contact, whether in person, in writing, by telephone, by fax, by e-mail, or any other method whereby knowledge, facts, or information is transmitted from one person or entity to another.

3. "Identify" and "identity" means:

   a. When referring to a natural person, state: (i) his or her full name; (ii) present or last known home address; (iii) present or last known position and business affiliations; and (iv) position, business affiliation, and job description at the time(s) relevant to the document involved.

   b. When referring to a document, state: (i) the date; (ii) author or preparer; (iii) addressee(s) or recipients; (iv) the type of document (e.g. letter) or some other means of describing it; (v) a summary of its contents with reasonable particularity sufficient for a specific demand for production; (vi) the present address where it is kept, if known, and if not known, the last address known and information as to its

disposition, and the name and the address of the
person who has possession or control.  Documents to be
identified shall include both documents in your
possession, custody, care and control and all other
documents of which you have knowledge.

c. When referring to an oral communication, state: (i)
when and where it was made; (ii) the identity of each
person making the oral communication, each person to
whom the oral communication was made, and each other
person present; (iii) the means of communication (e.g.
fact-to-face meeting, telephone); (iv) a precise and
complete description of the substance of each
communication; and (v) the identity of all documents
referred to in the course of the oral communication.

d. When referring to a corporation or other entity,
state: (i) its legal name; (ii) the name(s) under
which it does business; (iii) the state or country of
incorporation; (iv) the date of incorporation; (v)
whether it is now in good standing; (vi) if not in
good standing, how and when dissolved or forfeited;
(vii) its principal office; (viii) the nature of
business in which it is engaged; (ix) the name and
address of its directors and officers presently and at
all times relevant to this case; (x) its parent and
subsidiary corporations or other entities; and (xi)
its relationship, if any, to any of the parties to
this case.

4. "Relating to" or "regarding" shall be construed in the
broadest sense to require information which pertains to,
evidences, contains, reflects, discloses, describes,
explains, summarizes, concerns or refers to, whether
directly or indirectly, the subject of the request.

5. The term "person" shall mean the plural as well as the
singular and includes any legal entity, including natural
persons acting as individuals or in a collegial capacity
(e.g. a committee or board of directors,), firms,
proprietorships, corporations, businesses, or any other
form of public or private organization entity.

6. The terms "you", "your", and "yourself" and "Defendant"
shall mean Defendants Summit Medical Group, Kate Zatta, and
Aimee Vadyak, and any agents or employees of Summit Medical
Group, P.A.

7. Each request refers to all documents either known by
   Plaintiff to exist, or that can be located or discovered
   through reasonably diligent efforts by Plaintiff.

8. For each document provided, identify which request it
   responds and from whose file it was produced.

9. If a privilege not to produce a document is claimed,
identify, by date, author, the recipient, distribution list and
subject matter. Provide a description of each document which is
responsive to a specific document request but which you do not
intend to produce, and provide the legal and factual basis for
each such claim. If an objection is raised to any request
contained, identify in detail the nature of the objection and
the legal and/or factual basis for each objection by attaching a
privilege log to or responses.

## DOCUMENTS REQUESTED

1. The complete contents of Plaintiff's personnel file, including the jacket or cover of the file.

2. Any and all personnel or other documents that relate or pertain to Plaintiff, regardless of whether they are contained in Plaintiff's personnel file.

3. Any and all personnel manuals, employee handbooks, benefits manuals and salary schedules which were applicable to Plaintiff at any time during his employment with Defendant Summit Medical Group.

4. Any and all supervisor manuals which were in effect at any time during Plaintiff's employment with Defendant Summit Medical Group.

5. All applications for employment signed by Plaintiff.

6. Any and all documents that relate or pertain to your policies or procedures for terminating the employment of one of your employees.

7. Any and all documents that relate or pertain to your policies or procedures for disciplining employees.

8. Any and all documents that relate or pertain to your policies or procedures for requesting medical leave.

9. Any and all documents that relate or pertain to your policies or procedures for deciding whether to grant or deny a request for medical leave made by an employee.

10. Any and all documents related or pertaining to requests for medical leave made by Plaintiff or by any other person on Plaintiff's behalf.

11. All documents, emails, or correspondences reflecting communications between Defendant and any representative of Community Personnel Services, Inc. regarding Plaintiff.

12. Any and all agreements or contracts between Defendant and Community Personnel Services, Inc.

1

13. All medical, psychiatric or other health-related reports or writings which describe or evaluate Plaintiff's physical or mental condition or any treatment received by Plaintiff in any year Plaintiff was employed by Defendant Summit Medical Group.

14. Any and all documents that relate or pertain to any write-ups, complaints, comments, criticisms or warnings, oral or written, concerning Plaintiff's employment with Defendant Summit Medical Group.

15. Any and all documents that relate or pertain to complaints, comments, criticisms, or warning concerning Plaintiff made by any person employed by Summit Medical Group.

16. Any and all documents describing Plaintiff's work duties and/or responsibilities.

17. Any and all documents that relate or pertain to any investigation conducted by you in connection with any charge, complaint, allegation, grievance and/or report, formal or informal, made by Kate Zatta or any other employee about Plaintiff.

18. Any and all e-mails, notes, correspondences, memoranda or other documents that relate or pertain to any and all communications by, between, or among any of your current or former employees, officers, or representatives that in any way relates or pertains to Plaintiff.

19. Any and all e-mails, notes, correspondences, memoranda, or other documents that relate or pertain to communications between Summit Medical Group and the New Providence Police Department that relate or pertain to Plaintiff in any way.

20. All documents or writings which have any notations or comments regarding job performance, honesty, ability or diligence of Plaintiff.

21. All documents or writings concerning any awards or commendations from any Defendant to Plaintiff and any written compliments or communications received by any Defendant concerning Plaintiff's work.

22. All documents or writings making reference to the decision to termination Plaintiff or any reason for that decision.

2

23. All documents that were considered in making the decision to terminate Plaintiff.

24. Unredacted portions of the emails sent to or from Rebecca Levy (specifically D-0075), or a privilege log as required by Court Rule.

25. All documents regarding or referring to any review or investigation of Plaintiff's termination.

26. All documents supporting any contention by any Defendant that good cause existed for Plaintiff's termination.

27. Any documents regarding or referring to any discussion between Plaintiff and any Defendant regarding Plaintiff's termination.

28. Any and all documents regarding or referring to any discussions between and amongst Defendant(s) or Defendant's agents and employees regarding Plaintiff.

29. Any and all documents regarding or referring to any communications between Defendant and the New Providence Police Department.

30. All writings referring or relating to any attempts to find Plaintiff another position with any Defendant in lieu of or after termination.

31. All writings setting forth job duties or performance standards for persons employed in the last position held by Plaintiff with Defendant Summit Medical Group.

32. Any and all insurance policies that may, in whole or in part, provide coverage for any of the claims asserted by Plaintiff in the Complaint.

33. Any and all documents including, but not limited to, termination letters, medical records, or any other documents reviewed in the investigation of any Summit Medical Group employee without discussing the reasons of termination of the employee prior to making the decision to terminate from 2013 through 2015.

34. Any and all documents including, but not limited to, termination letters, medical records, or any other documents reviewed in the investigation of any Summit Medical Group

3

employee terminated without Summit Medical Group having a meeting with the employee prior to making the decision to terminate from 2013 through 2015.

35. Any and all documents related or pertaining to Summit Medical Group's change of an employee's employment location or department as a result of an actual or perceived harassment incident from 2013 through 2015.

## CERTIFICATION PURSUANT TO R. 4:18-1(c)

I hereby certify that I have reviewed the document production request and have made, or caused to be made, a good faith search for the documents responsive to the request.  I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others.  I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents as appropriate, as I become aware of them.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


DATED: _____          _____

                                 SUMMIT MEDICAL GROUP, P.A.
                                 authorized representative

## CERTIFICATION PURSUANT TO R. 4:18-1(c)

I hereby certify that I have reviewed the document production request and have made, or caused to be made, a good faith search for the documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents as appropriate, as I become aware of them.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: _____        _____
                                AIMEE VADYAK

6